IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                                                OPINION AND ORDER

            Plaintiff,

                                                20-cv-711-bbc

    v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
STATE OF WISCONSIN DIVISION OF HEARINGS
AND APPEALS, CHIPPEWA COUNTY, WI,
STATE OF WISCONSIN and STATE PUBLIC
DEFENDER'S OFFICE,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Donald Newell, who is incarcerated at the Redgranite Correctional Institution, has filed this proposed civil action under 42 U.S.C. § 1983, challenging his "rules of supervision" and the results of his last parole hearing. (Plaintiff unsuccessfully raised a similar challenge in case no. 18-cv-852-bbc, which he previously filed in this court.) Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

OPINION

      Plaintiff cannot bring any claim challenging the validity or duration of a criminal conviction, sentence or revocation of probation and parole in an action under 42 U.S.C. § 1983 unless he has prevailed in a habeas corpus proceeding challenging the conviction,

1

sentence or revocation. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying Heck to "fact or duration" of parole); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) ("[A claim that] would necessarily imply the invalidity of [the prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit."). The rules of supervision or conditions of plaintiff's probation and parole are part of his sentence because they "define the perimeters of [his] confinement." Williams, 336 F.3d at 579-80 ("It is because of these restrictions that parolees remain 'in custody' on their unexpired sentences and thus may initiate a collateral attack while on parole."). See also Drollinger v. Milligan, 552 F.2d 1220 (7th Cir.1977) (applying Heck to conditions of probation). Therefore, habeas corpus is the sole federal remedy when, as in this case, a ruling in plaintiff's favor would necessarily imply the illegality of his custody or the invalidity of his conviction or sentence. Heck, 512 U.S. at 487. The rule in Heck applies even if it is too late for plaintiff to seek collateral relief through a habeas petition, so long as plaintiff could have sought collateral relief earlier but failed to do so in a timely manner. Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012).

In this instance, plaintiff has neither established the invalidity of his sentence by showing that he prevailed in a habeas corpus proceeding nor shown that he was unable to challenge his sentence in state court. Although plaintiff has filed four petitions for a writ of habeas corpus in this court, none of them were successful. Case no. 09-cv-76-bbc (denying and dismissing petition without prejudice for petitioner's failure to exhaust state court remedies); case no. 10-cv-707-bbc (dismissing petition without prejudice to allow petitioner

to exhaust one claim not barred by doctrine of procedural default); case no. 12-cv-432-bbc (denying 24 claims in petition as barred by doctrine of procedural default); case no. 14-cv-448-bbc (denying petition because petitioner's third petition provided full and fair opportunity to litigate his claims). Therefore, he cannot seek relief under § 1983.

Although it is unlikely that plaintiff would be permitted to file yet another habeas petition, this court cannot convert this action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice.

Because plaintiff's complaint fails to state any claim upon which relief may be granted, I will direct the clerk of court to record a strike against plaintiff under 28 U.S.C. § 1915(g). Turley v. Gaetz, 625 F.3d 1005, 1009 (7th Cir. 2010) (plaintiff incurs strike when entire action is dismissed as frivolous, malicious or for failure to state claim); Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997) (complaint that is barred by Heck counts as strike under 28 U.S.C. § 1915(g)).

ORDER

IT IS ORDERED that plaintiff Donald Newell's complaint is DISMISSED WITHOUT PREJUDICE under Heck v. Humphrey, 512 U.S. 477, 487 (1994). A strike

shall be recorded in accordance with 28 U.S.C. § 1915(g).  The clerk of court is directed to enter judgment in favor of defendants and close this case.

    Entered this 18th day of August, 2020.

                                        BY THE COURT:
                                        /s/

                                        _____
                                        BARBARA B. CRABB
                                        District Judge